# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARA ANN NICHOLS, Individually and as Surviving Spouse and Next of Kin of SEAN MICHAEL NICHOLS, Deceased,<br><br>        Plaintiff,<br><br>-vs-<br><br>MEDTRONIC, INC.; MEDTRONIC MINIMED, INC.; METRONIC DIABETES; and SERVICE GROUP OF OKLAHOMA L.L.C. d/b/a PARKS BROTHERS FUNERAL SERVICES-PRAGUE,<br><br>        Defendants. | Case No. CIV-20-326-F<br><br>(District Court of Lincoln County, Case No. CJ-2019-131) |

## ORDER

Before the court is Plaintiff's Motion to Remand, filed April 20, 2020 (doc. no. 16). Defendants, Medtronic, Inc. and Medtronic MiniMed, Inc. ("Medtronic defendants"),[1] have responded in opposition to the motion and plaintiff has replied. The motion is fully briefed and ready for determination.

---

[1] In their response, defendants represent that named defendant, Medtronic Diabetes, is not a legal entity separate and apart from defendant, Medtronic MiniMed, Inc. According to defendants, Medtronic MiniMed, Inc. does business as "Medtronic Diabetes."

I.

Plaintiff, Sara Ann Nichols, individually and as surviving spouse and next of kin of Sean Michael Nichols, deceased, originally commenced this action in the District Court of Lincoln County, State of Oklahoma. In the amended petition, plaintiff alleged that her husband, Sean Michael Nichols, who suffered from type 1 diabetes, died on October 2, 2017, due to an under-delivery of insulin caused by malfunctions of an insulin pump system, known as the MiniMed 530G System. The Medtronic defendants designed, manufactured, marketed and sold the MiniMed 530G System. Under various theories of liability, plaintiff sought damages from the Medtronic defendants resulting from Mr. Nichols' death. In addition to the Medtronic defendants, plaintiff sought damages from defendant, Service Group of Oklahoma, L.L.C. d/b/a Parks Brothers Funeral Services-Prague ("SGO"). Plaintiff alleged that after Mr. Nichols' death, SGO, a funeral services provider, took possession of Mr. Nichols' body and his personal effects, including the MiniMed 530G System, from the medical examiner. According to plaintiff, SGO thereafter lost the insulin pump system.

Within 30 days of service of the amended petition, the Medtronic defendants removed the action to this court. The removal was pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. SGO is, without dispute, non-diverse in citizenship from plaintiff. However, the Medtronic defendants alleged in their removal notice that removal was proper under the fraudulent misjoinder doctrine (also known as "procedural misjoinder"). They asserted that SGO was fraudulently misjoined because plaintiff lacked any procedural basis under federal law or state law to join the claims against the non-diverse company with the claims against them. The Medtronic defendants posited that since SGO was fraudulently misjoined, its non-diverse citizenship may be disregarded, and the court, pursuant to Rule 21, Fed. R. Civ. P., may either drop SGO from the action or sever SGO's claims from the claims against them and

remand the claims against SGO to state court. Further, the Medtronic defendants contended that even if SGO were not fraudulently misjoined, the court has the discretionary power under Rule 21 to drop SGO or sever the claims against SGO because SGO is not a necessary party.

II.

Plaintiff, in her motion, asserts that the fraudulent misjoinder doctrine should not be applied by the court, given that it has not been adopted by the Tenth Circuit. She also argues that her joinder of SGO to the action does not constitute "egregious" conduct so as to warrant application of the doctrine. Further, plaintiff maintains that the SGO's joinder was proper under 12 O.S. 2011 § 2020.

The Medtronic defendants respond that the court should apply the fraudulent misjoinder doctrine similar to the Honorable David Russell in <u>Bunnell v. Oklahoma MH Properties, LP.</u>, Case No. CIV-12-372-R, 2012 WL 12863916 (W.D. Okla. May 11, 2012). They assert that plaintiff has not alleged any right of relief against defendants, jointly, severally or in the alternative, with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences. In addition, they contend that no common question of fact or law exists as to any of plaintiff's claims against defendants. The Medtronic defendants maintain that even though the Tenth Circuit has not explicitly adopted the fraudulent joinder doctrine, it has not expressly rejected it, and other district courts in the Tenth Circuit have recognized it. And while they acknowledge the court in <u>Trotter v. Smith</u>, Case No. CIV-13-831-F, 2013 WL 12142352 (W.D. Okla. Oct. 22, 2013), found the doctrine did not prohibit remand, they argue that subsequent law provides support for its application and the facts in that case are easily distinguished from those present in this case. Additionally, they assert that the fraudulent misjoinder doctrine does not require a finding of "egregious" conduct for its application as argued by plaintiff. They further urge that if the court should agree with plaintiff that joinder of SGO

3

was permissible, it should exercise its discretionary power under Rule 21, Fed. R. Civ. P., and sever the claims against SGO from the claims of the Medtronic defendants.

In reply, plaintiff asserts that unlike Rule 20, Fed. R. Civ. P., Oklahoma's permissive joinder statute, 12 O.S. 2011 § 2020, specifically allows joinder of defendants "if the claims are connected with the subject matter of the action." Plaintiff argues that the same device, MiniMed 530G System, lies at the heart of plaintiff's claims against the Medtronic defendants and SGO. She thus contends that joinder of SGO and the Medtronic defendants was permissible under Oklahoma law. She notes that most courts addressing the issue hold that state law, rather than Rule 20, applies in determining the issue of fraudulent misjoinder. Additionally, plaintiff contends that Bunnell is factually distinguishable from this case. She asserts that there are questions common to all claims in this case, including questions relating to the condition, operation and location of the MiniMed 530G System. Plaintiff further points out that courts have allowed product liability claims against a manufacturer to proceed in a single action with claims against another party for spoliation. Lastly, plaintiff argues that the Medtronic defendants have proceeded improperly because if the joinder of SGO were improper as alleged, severance should have been sought in state court rather than in this court.

III.

The doctrine of fraudulent misjoinder originated in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). In that case, the plaintiff, an Alabama resident, filed a putative class action in Alabama state court against four defendants, one of which was an Alabama resident. *Id*. at 1355. The plaintiff amended the complaint to add 16 plaintiffs and 22 defendants. *Id*. Thereafter, the plaintiffs again amended their complaint, naming four additional plaintiffs and three

defendants, including Lowe's Home Centers ("Lowe's"), a North Carolina company. *Id*. The initial complaint and first amended complaint alleged state law violations arising from the sale of automobile service contracts. The second amended complaint alleged state law violations arising from the sale of extended service contracts in connection with the sale of retail products. The result of the amended complaints and joinder of defendants under Rule 20, Fed. R. Civ. P., was to create two distinct groups of plaintiffs and defendants—the nondiverse "automobile" class and the diverse "merchant" class. With respect to the "merchant" class, two Alabama plaintiffs were the class representatives and Lowe's was the putative class representative. *Id*. Lowe's removed the case to federal court and moved to sever the claims against it from the claims against the "automobile" class defendants. The plaintiffs moved to remand to state court for lack of federal subject matter jurisdiction. *Id*.

The district court, "finding no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy," granted Lowe's motion, holding "there was an improper and fraudulent joinder, bordering on a sham." Tapscott, 77 F.3d at 1360 (quotation omitted). The district court asserted diversity jurisdiction and severed and remanded the remainder of the action to state court. *Id*.

On appeal, the Eleventh Circuit affirmed the denial of plaintiffs' remand motion. The court determined there was a misjoinder under Rule 20 because there was no allegation of joint liability or any allegation of conspiracy and "the alleged transactions involved in the 'automobile' class were wholly distinct from the alleged transactions involved in the 'merchant' class." Tapscott, 77 F.3d at 1360. According to the appellate court, the only similarity between the allegations in the classes was allegations of violations of provisions of the Alabama state code. *Id*. The Eleventh Circuit concluded that the nondiverse defendants had "no real connection with the controversy" involving Lowe's. *Id*. It cautioned that "mere

misjoinder" is not fraudulent misjoinder. However, it agreed with the district court that the joinder of the unrelated defendants was "so egregious as to constitute fraudulent joinder." Id.

On two occasions, the Tenth Circuit has declined to adopt or reject the fraudulent misjoinder doctrine. See, Parson v. Johnson & Johnson, 749 F.3d 879, 893 (10th Cir. 2014) and Lafalier v. State Farm Fire & Cas. Co., 391 Fed. Appx. 732, 736 (10th Cir. 2010). As pointed out by plaintiff, this court has previously rejected remand "based on a doctrine which has not been adopted by the Tenth Circuit." Trotter, 2013 WL 12142352, at *2 (W.D. Okla. Oct. 13, 2013). The Medtronic defendants, however, urge the court to change its position, relying upon the Supreme Court's statement in Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 174 (2014). Specifically, the Supreme Court stated: "We have interpreted the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." Id. One of the examples that the Court subsequently lists where it has looked behind the pleadings is fraudulent joinder. Id. (citing Wecker v. National Enameling & Stamping Co., 204 U.S. 176 (1907)).

The fraudulent joinder doctrine has been widely accepted by courts, including the Tenth Circuit. See, Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013). Not the case with fraudulent misjoinder. Indeed, a New Mexico district court recently declined to adopt the doctrine. See, Calderon v. Wade, Case No. 20-cv-00066-KWR/JFR, 2020 WL 2065277, at *2 (D.N.M. Apr. 29, 2020). And Judge Russell chose to address personal jurisdiction rather than address the doctrine in Aclin v. PD-RX Pharmaceuticals Inc., 189 F.Supp.3d 1294 (W.D. Okla. 2016), pointing out that the Tenth Circuit had "twice declined to adopt or reject" the doctrine and that "courts who have adopted the doctrine have not applied it

6

uniformly." *Id*. at 1298.[2]  Further, as explained and noted by the Honorable Patrick Wyrick in Greer v. State Farm Fire and Casualty Company, Case No. CIV-19-378-PRW, 2019 WL 2578087 (W.D. Okla. June 24, 2019), district courts have taken "a range of approaches" when applying the doctrine. *Id*. at *1, n. 1 (citing cases).

The court is not persuaded to change its previous position.  In the absence of direction from the Supreme Court, the Tenth Circuit or a majority of the circuits, the court declines to apply the fraudulent misjoinder doctrine.

Alternatively, even if the court were to apply the fraudulent misjoinder doctrine, the court does not believe that its application is appropriate in this case.  In the court's view, the joinder of the claims against SGO with the claims against the Medtronic defendants does not rise to the "egregious" level required by Tapscott.  Regardless of how the technical rules of joinder may be applied, the court is not convinced that SGO has no real connection with the controversy involving the Medtronic defendants or that the claims against the defendants are "wholly distinct." Tapscott, 77 F.3d at 1360.  There is no dispute that the MiniMed 530G System is the basis for all the claims against defendants.

## IV.

In light of the court's foregoing analysis, SGO's citizenship must be considered and complete diversity between the parties is lacking.  However, in their removal notice and response brief, the Medtronic defendants urge the court to use Rule 21, Fed. R. Civ. P., to drop SGO or sever the claims alleged against it from this action.  They contend that under Rule 21, the court has discretionary power to drop

---

[2] *Accord*, Guillette v. PD-RX Pharmaceuticals Inc., Case No. CIV-15-564-R, 2016 WL 3094073, at *2 (W.D. Okla. Jun. 1, 2016); Manning v. PD-RX Pharmaceuticals, Inc., Case No. CIV-15-566-R (W.D. Okla. Jun. 1, 2016); Nauman v. PD-RX Pharmaceuticals Inc., Case No. CIV-15-567-R, 2016 WL 3094081, at *2 (W.D. Okla. Jun. 1, 2016)

a dispensable non-diverse party or sever claims against it in order to maintain diversity jurisdiction.

Courts have frowned on the use of Rule 21 to sever non-diverse defendants to create federal subject matter jurisdiction. *See*, Hampton v. Insys Therapeutics, Inc., 319 F.Supp.3d 1204, 1214 (D. Nev. 2018) (citing Brown v. Endo Pharms., Inc., 38 F.Supp.3d 1312, 1326 (S.D. Ala. 2014) (collecting cases)), *see also*, Klintworth v. Valley Forge Insurance Company, 2018 WL 4521219, at *2 (N.D. Okla. Sept. 21, 2018) ("[T]here is a difference between curing a jurisdictional defect and creating federal jurisdiction in the first instance . . . The Court will not use Rule 21 to manufacture federal jurisdiction[.]"). The court agrees with the reasoning of those courts and declines to use Rule 21 to create diversity jurisdiction. Because diversity jurisdiction is lacking with the presence of SGO, the court concludes that the Medtronic defendants' removal of the action was improper. Consequently, the court finds that this action must be remanded to the District Court of Lincoln County, State of Oklahoma, pursuant to 28 U.S.C. § 1447(c).

V.

In her motion, plaintiff requests to recover reasonable attorney fees arising from the improper removal. Under the removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Based upon Bunnell and other case authority cited by the Medtronic defendants in their removal notice and response brief, the court concludes that the Medtronic defendants had an objectively reasonable basis for removal of the action.

8

The court therefore finds that an award of reasonable attorney fees under § 1447(c) is not appropriate and plaintiff's request should be denied.

VI.

Accordingly, Plaintiff's Motion to Remand, filed April 20, 2020 (doc. no. 16), is **GRANTED**.  Plaintiff's request for reasonable attorney fees under § 1447(c) is **DENIED**.

This action is **REMANDED** to the District Court of Lincoln County, State of Oklahoma, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED this 8th day of June, 2020.

_[signature]_
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0326p002.docx